## STATE EX REL. GRIFFIN *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 5, October Term, 1949.]

*Decided June 10, 1949.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from the refusal of a writ of habeas corpus.

It appears that the applicant was indicted with two other men for murder, and tried in the Criminal Court of Baltimore City on March 18 and 19, 1942, convicted of murder in the first degree, and sentenced to the Maryland Penitentiary for life.

The papers and briefs of applicant in the record are voluminous. He challenges the regularity of the proceedings in his case from the inquest through to his conviction and sentence. He states that the court did not appoint counsel for him, and then again states that the court "did appoint Lawyer W. A. C. Hughes" to defend him. He complains that witnesses were not present to testify in his defense, but there is no allegation that they were summoned or that he did not have an opportunity to summon them, or complained to the court that his witnesses were not summoned. He states that certain women were present at the time of the killing. The name of one of these witnesses he does not know—the other is a married woman whom he did not summon because he was afraid she would not tell the truth, the inference being that he was paying her attention. He says that the witnesses against him gave false names and addresses and that a witness sold whiskey to one of the defendants and it was unlawful for the court to receive the evidence of these witnesses. He charges the police officers with favoring the men on trial with him, conspiracy of the police officers and of the judges who heard his case, and that if his case is fairly heard again justice would be done.

There is nothing in the record to substantiate these charges. What the applicant wants is a new trial.

"The question of guilt or innocence and credibility and weight of the evidence cannot be retried on habeas corpus." *Wright v. Swenson,* 191 Md. 762, 62 A. 2d 573.

*Application denied, without costs.*